IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER CONNER, | } |
| | } |
| Plaintiff/Appellant, | } |
| | } |
| v. | }   Case No.: 2:01-CV-3060-RDP |
| | } |
| TUSCALOOSA STEEL CORPORATION, | } |
| | } |
| Defendant. | } |

**MEMORANDUM OPINION**

The case is before the court on the Eleventh Circuit's limited remand "for the purpose of determining whether Appellant's attorney, Cynthia Forman Wilkinson, had express authority from Appellant to settle the case on the terms approved by the bankruptcy court." (Doc. # 59). The court held an evidentiary hearing in this case on April 20, 2006, which was attended by counsel for both parties and Sylvester Conner ("Plaintiff/Appellant") and his wife.

After the hearing, but before the court published this opinion, Ms. Wilkinson informed the court that Plaintiff/Appellant opted to sign the settlement release papers and effectuate the settlement. Accordingly, given Plaintiff/Appellant's decision to approve the settlement, the issue of whether Ms. Wilkinson had authority to settle the case is moot. Nonetheless, the court has complied with the Eleventh Circuit's mandate on remand and, out of an abundance of caution, enters this opinion finding that a valid settlement exists in this case even without Plaintiff's signature on the settlement release papers, both because Sylvester Conner's counsel had express authority to settle the case, and because Plaintiff/Appellant himself authorized settlement of the case during the mediation.

**I.      Relevant Facts and Evidence Presented at the Hearing**

On August 4, 2004, Plaintiff/Appellant and his wife, Oneice Conner, filed a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Alabama, Western Division.  (*In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13).  Plaintiff/Appellant is represented by counsel, Rod Shirley, in the bankruptcy proceeding.

On August 5, 2004, Plaintiff/Appellant filed his Notice of Appeal in this case. (Doc. # 57). According to Plaintiff/Appellant, two mediation conferences were conducted during the pendency of his appeal.  The first conference did not result in a settlement.  The second mediation conference occurred on November 2, 2004 via telephone with Caleb Davies of the Eleventh Circuit Mediation Center. Cynthia Wilkinson represented Plaintiff/Appellant, and Ms. Wilkinson, Plaintiff/Appellant, and counsel for Defendant Tuscaloosa Steel Corporation all participated in the conference.  After a general explanation of the process of mediation, offers were exchanged.

When it became apparent that the case would likely settle for $20,000.00, Ms. Wilkinson, Plaintiff/Appellant, and Mr. Davies discussed the existence and impact of Plaintiff/Appellant's Chapter 13 bankruptcy proceeding.  In order to obtain more information about the effect of the bankruptcy proceeding on a potential settlement, Rod Shirley's office was consulted by telephone during the course of the mediation.  Mr. Shirley was not available.  However, Heather Caldwell, a legal assistant in Mr. Shirley's office, explained to Plaintiff/Appellant that any settlement would need to be approved by the bankruptcy court and further opined that Plaintiff/Appellant might be eligible for an exemption in the amount of $4,100.00 or more that would enable him to recover that portion of the settlement proceeds.  Mr. Davies, Ms. Wilkinson, and Plaintiff/Appellant then discussed the condition that any settlement (and any exemption which Plaintiff/Appellant sought to claim) would need to be approved by the bankruptcy court.

After his discussion with Mr. Shirley's legal assistant, Heather Caldwell, Plaintiff/Appellant thought that he personally would recover a portion of the settlement proceeds in the amount of $4,100.00 or more. Plaintiff/Appellant readily admits, however, that he fully understood that both the settlement and any exemption would have to be approved by the bankruptcy court with input from the Trustee, whose interest likely would be adverse to Plaintiff/Appellant's with respect to the exemption. Based upon these discussions and his own assumptions, Plaintiff/Appellant expressly authorized Cynthia Wilkinson to settle the case for $20,000.00 and personally expressed to the mediator his desire to settle the case. All of the parties and attorneys understood that approval of the settlement by the bankruptcy court was a condition of the settlement. As of the April 20, 2006 hearing, however, Plaintiff/Appellant had not signed a settlement release.

On December 14, 2004, Mr. Shirley was authorized by Plaintiff/Appellant to file on his behalf in the bankruptcy court an Application for Approval of Settlement and an Amended Schedule B and an Amended Schedule C, listing a $4,100.00 claimed exemption for lawsuit proceeds, and noting that the market value of the proceeds to the bankruptcy estate was $12,000.00 ($20,000.00 settlement less $8,000.00 in attorney's fees). (Docs. # 29, 32 in *In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13). On February 2, 2005, the bankruptcy court approved the settlement terms as set forth in the motion. (Doc. # 39 in *In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13).

On March 9, 2005, the Bankruptcy Trustee objected to Plaintiff/Appellant's amended claim of exemptions (Doc. # 42 in *In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13), and on April 11, 2005, the bankruptcy court sustained the Trustee's objection and granted Plaintiff/Appellant leave to amend his requested exemptions. (Doc. # 49 in *In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13). On February 13, 2006,

Plaintiff/Appellant filed Amended Schedules B and C listing a $3,000.00 claimed exemption. (Docs. # 64, 65 in *In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13).

While those proceedings were taking place in the bankruptcy court, Plaintiff/Appellant, through counsel Heather Newsom Leonard, also filed a second discrimination/retaliation lawsuit against Tuscaloosa Steel Corporation and Nucor Steel Tuscaloosa, Inc., in the Northern District of Alabama. (*Sylvester Conner v. Tuscaloosa Steel Corporation, et al.,* Civil Action No. 7:05-cv-1697-KOB). On September 2, 2005, Plaintiff/Appellant voluntarily dismissed Tuscaloosa Steel Corporation from that case. (Doc. # 8 in *Sylvester Conner v. Tuscaloosa Steel Corporation, et al.,* Civil Action No. 7:05-cv-1697-KOB). On January 10, 2006, Ms. Leonard filed with the bankruptcy court a "Motion to Approve Compromise" requesting that the bankruptcy court approve a separate $20,000.00 settlement of the Plaintiff/Appellant's claims against Nucor Steel Tuscaloosa, Inc. in *Sylvester Conner v. Tuscaloosa Steel Corporation, et al.,* Civil Action No. 7:05-cv-1697-KOB. (Doc.# 60 in *In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13). That motion was granted by the bankruptcy court on February 27, 2006. (Doc. # 72 in *In re: Sylvester Conner and Oneice Conner*, Bankruptcy Petition # 04-72370-CMS13).

On December 16, 2005, the Trustee involved in Plaintiff/Appellant's bankruptcy proceeding filed with the Eleventh Circuit a request to be substituted as the real party in interest in Plaintiff/Appellant's appeal. That motion was denied and the case was remanded to this court for the limited purpose of determining whether Plaintiff/Appellant's attorney had express authority from him to settle the case. (Doc. # 59).

On March 30, 2006, the Bankruptcy Administrator in Plaintiff/Appellant's case filed a motion to convert Plaintiff/Appellant's bankruptcy from a Chapter 13 to Chapter 7. According to Mr. Shirley, the motion was filed at least in part because the Bankruptcy Administrator believes that

the Plaintiff/Appellant and his wife are being unreasonably dilatory about approving the settlement of this case, and he believes it would be in the best interest of the bankruptcy estate for the Trustee to be empowered to make settlement decisions. Mr. Shirley stated that he believes the bankruptcy judge is "leaning towards granting the motion for that reason," and a hearing on the motion has been set for May 2, 2006.

As noted above, after the April 20, 2006 hearing, but before the court published this opinion, Ms. Wilkinson informed the court that Plaintiff/Appellant signed the settlement release papers and approved the settlement.

## II.    Discussion

Under Alabama law,[1] in order for an attorney to settle a case on behalf of her client, that attorney must have authority from the client to settle the case. *K.P. v. Reed*, 626 So. 2d 1241 (Ala. 1992); *Roark v. Bell*, 716 So. 2d 1245 (Ala. Civ. App. 1998); *Warner v. Pony Express Courier Corp.*, 675 So. 2d 1317, 1320 (Ala. Civ. App. 1996). Whether an attorney has authority from her client to settle a case is a question of fact. And, in Alabama, the rule is that the attorney must have actual authority. *Blackwell v. Adams*, 467 So. 680, 684-85 (Ala. 1985) ("'Although an attorney of record is presumed to have his client's authority to compromise and settle litigation, judgment

---

[1] Alabama choice of law principles dictate that the "law of the state wherein a contract was executed governs questions regarding the validity and interpretation of the contract." *American Nonwovens, Inc. v. Non Wovens Eng'g*, 648 So.2d 565, 567 (Ala. 1994). In Alabama, there are two choice of law rules governing contracts: (1) those cases involving the validity or formation of the contract; and (2) those cases in which the parties are litigating performance under a contract. *See Jones v. Jones*, 18 Ala. 248, 250 (1850); *Macey v. Crum*, 30 So.2d 666, 669 (Ala. 1947). Where, as in this case, a dispute is based on the existence or validity of a contract of settlement, "[i]t is a principle of law, admitted by all courts, that the *lex loci contractus* [the law of the place where the contract was made] must govern as to the validity, interpretation, and construction of the contract." *Jones*, 18 Ala. at 250. Although the agreement to settle this case was made over the telephone with an Eleventh Circuit mediator who operates out of the Atlanta courthouse, the parties have indicated that they were all in Alabama at the time the mediation took place. Accordingly, because the *lex loci contractus* governs the dispute in this case, Alabama law applies here.

entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry . . . .'") (quoting *Bradford Exchange v. Trein's Exchange*, 600 F. 2d 99, 102 (7th Cir. 1979)).  The authority to settle is not incidental, but it is essential that an attorney have *express, special authority* from his client to do so.  A person dealing with an attorney must ascertain the extent of the attorney's authority to compromise the client's claim.  "An attorney employed to represent a litigant in the prosecution or defense of a suit is a special agent of his client and has no implied or inherent authority or right to compromise and settle it." *Benitez v. Beck*, 872 So. 2d 844, 847 (Ala. Civ. App. 2003) (internal quotations omitted).

The evidence before the court indicates that counsel for Plaintiff/Appellant, Cynthia Wilkinson, had the authority to settle this case.  Based upon his discussions with the mediator, Ms. Wilkinson, and Mr. Shirley's legal assistant, Plaintiff/Appellant admittedly understood that any settlement, and any claimed exemption, would necessarily have to be approved from the bankruptcy court, even though he hoped that he would recover at least $4,100.00 or more from the settlement.  Plaintiff/Appellant expressly authorized Cynthia Wilkinson to settle the case for $20,000.00, and the terms of the settlement as outlined during the mediation were approved by the bankruptcy court.[2]  Moreover, the evidence not only indicates that Ms. Wilkinson had actual authority from Conner to settle the case, but Conner himself participated in the mediation and acquiesced to the settlement terms, including the condition that the settlement and exemption must be approved by the bankruptcy court.  Under these facts, this court must conclude that a valid settlement was negotiated and agreed upon during the mediation and later approved on its terms by the bankruptcy court.[3]

---

[2] Although the bankruptcy court did not approve the exemption as initially requested by Plaintiff/Appellant, this does not change the fact that the court approved the settlement terms as outlined during the mediation.

[3] The court notes that, in any event, regardless of this court's finding, Plaintiff/Appellant will not recover any proceeds from the settlement of this case.  This is because he has already claimed

### III. Conclusion

Therefore, having conducted an evidentiary hearing as instructed, for the reasons outlined above, the court finds that even without Plaintiff's signature on the settlement release papers, a valid settlement existed in this case at the time of mediation both because Plaintiff/Appellant's attorney, Cynthia Forman Wilkinson, had express authority from Plaintiff/Appellant to settle the case on the terms approved by the bankruptcy court, and because Plaintiff/Appellant himself acquiesced to the settlement terms. A separate order will be entered.

**DONE** and **ORDERED** this ___27th___ day of April, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

and received a $3,000.00 exemption for the settlement of a different federal lawsuit. During the course of the April 20, 2006 hearing before this court on the Eleventh Circuit's limited remand, the court had the opportunity to speak with Rod Shirley, Plaintiff/Appellant's bankruptcy counsel, by telephone. Mr. Shirley explained to the parties and the court that Alabama law provides for a one-time (per debtor) $3,000.00 personal property exemption. Plaintiff has already claimed such an exemption related to the settlement proceeds from his lawsuit against Nucor Steel Tuscaloosa, Inc. in *Sylvester Conner v. Tuscaloosa Steel Corporation, et al.,* Civil Action No. 7:05-cv-1697-KOB. Therefore, Plaintiff/Appellant will not qualify for any such exemption (and thus will not be able to recover any proceeds from any settlement) in this case; the bankruptcy estate will receive all of the proceeds not paid to his attorney. At the conclusion of the April 20, 2006 hearing, the court talked informally with counsel and Plaintiff/Appellant regarding his reasons for continuing to litigate the settlement issue even though he will not receive any of the settlement proceeds in this case. It appears that after the hearing, Plaintiff/Appellant reevaluated his position on the matter and opted to approve the settlement, sign the settlement papers, and permit the bankruptcy estate to recover the balance of the proceeds.